Gilmore, J.
The errors assigned upon the record raise a number of questions, the first of which is this: Did the Probate Court err in overruling the demurrer to the original petition, on the ground that it had not jurisdiction- of the action ?
The petition was filed and jurisdiction invoked under the 534th, 536th, and 542nd sections of the code of civil procedure.
The 534th section provides that “ a Court of Common Pleas or District Court shall have power to vacate or modify its own judgments or orders after the term at which •such judgment or order was made. ... 4. Eor fraud practiced by the successful party in obtaining the judgment or order. 5. Eor erroneous proceedings against an infant* *362 ■married woman, or person of unsound mind, where the-condition of such defendant does not appear in the record, nór the error in the proceedings, etc.” The 636th section provides that “ the proceedings to vacate or modify the judgment or order on the grounds mentioned in subdivisions four, five ... of section 534, shall be by petition verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant.”
The 542d section provides that the provisions of the above sections shall apply to the Supreme Court and Probate Court, so far as the same may be applicable to the judgments or final orders of such courts.
The grounds set out in the petition upon which the vacation of the allowance to the executor was asked, were those-contained in the fourth and fifth subdivisions of section 534 above set out.
Does the case thus made by the original petition come within the operation of the provisions of the sections of the code above mentioned ?
We'think not. It is evident that the 534th section has reference to judgments or orders in civil actions or proceedings of an adversary character, between parties plaintiff and defendant, and in which issuable pleadings are contemplated or required. The language of the entire section, except the ninth subdivision, which relates to “judgments upon warrants of attorney,” clearly indicates this: The ground for vacating provided by the fourth subdivision is “ for fraud practiced by the successful party in obtaining the judgment or order.”
This inferentially includes an unsuccessful as well -as a successful party, plaintiff or defendant, whose interest in the subject-matter of the action or proceeding it is to be presumed must have been adverse. The same inference and' presumption must apply to cases covered by the fifth subdivision of the section, in which the grounds for vacating are as follows: “ For erroneous proceedings against an infant, married woman, or person of unsound mind, where *363 the condition of such defendant does not appear in the record, nor the error in the proceedings.”
The law makes provisions for the protection of persons laboring under disabilities in all adversary judicial proceedings against them ; but the protection can not be given unless the fact is made to appear in some of the modes prescribed. The mode of making the fact appear depends upon the nature of the action or proceeding, and the provisions of the law in relation thereto. The question before us is: What actions or proceedings are referred to in the subdivision just quoted? Clearly not such as are ex parte, as in habeas corpus, nor to proceedings in which there are no parties in any proper sense, as in the settlement of the accounts of an executor. The subdivision, by its terms, relates only to actions or proceedings against defendants laboring under disability in which a party plaintiff adversely interested is presupposed; and in which a record is required to be made, wherein the disability of the defendants should he made to appear. In such adversary actions or proceedings, if the disability existed and did not appear in the record, any judgment or order made affecting the interests of such defendants, would, as against them, he erroneous, and, under this subdivision, would be vacated as a matter of course,on the facts being made to appear.
We think, therefore, that 'the provisions of both these subdivisions apply only to judgments and orders in adversary actions or proceedings inter paries, and not to the settlement of accounts of an executor in the Probate Court, in which, within the meaning of these subdivisions, there are no parties to either succeed or fail, and no record is required to he kept in which the disability of interested defendants should be made to appear.
It follows that the sections of the code under which it assumed to act are inapplicable, and conferred no power upon the Probate Court to vacate its former allowance to the executor, and in entertaining the proceedings for this purpose it was acting without jurisdiction. Hence the Probate Court erred in overruling the demurrer that directly called *364 its jurisdiction in question. This renders a notice of the ■other errors assigned unnecessary.
It may, however, be properly added, that the act “ to provide for the settlement of the estates of deceased persons ” makes ample provisions for the correction of the accounts of executors and administrators, and the modes of correction and the remedies therein prescribed must be followed within the time and in the manner pointed out.
The judgment of the Court of Common Pleas affirming the Probate Court, and the judgment of the Probate Court are reversed, and the cause is remanded for proper entries.

Judgments reversed.

Welch, O. J., White, Rex, and McIlvaine, JJ'., concurred.